THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS P. MCGEOUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, et al., <br><br> Defendant. | NO. 2:16-cv-01606-RAJ <br><br> ORDER |

This matter comes before the Court on three motions to dismiss brought by Nationstar Mortgage, LLC, Bank of America, and Thomas P. Cialino (collectively, "Defendants"). Dkts. #6, 11, 14. Plaintiffs Dennis and Katherine McGeough (collectively, "Plaintiffs") have not filed any opposition to Defendants' motions. For the reasons that follow, the Court **GRANTS** Defendants' motions and **DISMISSES** this action **with prejudice**.

**I. BACKGROUND**

Plaintiffs' Complaint contains no factual background or explanation of Plaintiffs' relationship to the Defendants. The Court ascertains the following from a series of exhibits attached to the Complaint: Plaintiffs obtained a mortgage loan from

ORDER - 1

Bank of America; Thomas Cialino, an attorney representing Bank of America, sent a letter to Plaintiffs in October 2013 notifying them that servicing of their loan was transferred to Nationstar Mortgage; and Nationstar notified Plaintiffs that the loan was in default.

Plaintiffs bring claims for conversion against Bank of America, Cialino, and Nationstar, alleging that each "has converted the plaintiffs' property for its own gains and profit." Dkt. # 1-1 at 3, 6, 8. Plaintiffs allege that each Defendant "has denied the plaintiff[s] free use of his [sic] property by engaging in a foreclosure action which is not authorized by law, in which the defendant has no legal rights or interests and which may involve the laundering of forged and counterfeited negotiable instruments using state laws and the county court system." *Id.* at 6. While the alleged foreclosure appears to be the crux of Plaintiffs' claim, Plaintiffs also appear to allege an unlawful acquisition of their personal information, including their "legal names, dates of birth, signatures, credit information, banking information, tax and financial information and other private information." *Id.* at 3. Plaintiffs allege that this information was "acquired and used for commercial purposes without the[ir] express consent" and "to make it appear as if by having this information, the defendant[s] had some legal right to undertake the actions involving foreclosure against plaintiffs' property." Dkt. # 1-1 at 3.

All three Defendants now move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).[1]

**II.     LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. The rule requires the Court to assume the truth of the Complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). However, a court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 2031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Where, as here, a plaintiff proceeds *pro se*, the court must construe the "complaint[] liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Piller*, 627 F.3d 338, 342 (9th Cir. 2010). "Furthermore, '[l]eave to amend should be granted

---

[1] Defendant Cialino argues alternatively that Plaintiffs' claim against him should be dismissed for lack of personal jurisdiction. The Court does not reach this argument in light of Defendants' collective agreement that Plaintiffs' suit should be dismissed under Rule 12(b)(6).

ORDER - 3

unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

**III. DISCUSSION**

Before proceeding to the substance of the motions, the Court notes that Plaintiffs have failed to file any opposition to Defendants' motions. Pursuant to this Court's Local Rules, Plaintiffs' failure "to file papers in opposition to a motion . . . may be considered by the court as an admission that the motion has merit." *See* Local Rules W.D. Wash. LCR 7(b)(2). While parties proceeding *pro se* are afforded substantial lenience, they must still comply with the Local Rules (*cf. Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)), which require opposition papers to "be filed and served not later than the Monday before the noting date." LCR 7(d)(3). The December 2016 noting dates for Defendants' motions passed without opposition from Plaintiffs. Therefore, the Court concludes that Plaintiffs have admitted that the motions have substantial merit and should be granted.

Further, Defendants' arguments that Plaintiffs have failed to properly state a claim for conversion are compelling. "Conversion is the unjustified, willful interference with a chattel which deprives a person entitled to property of possession." *Lang v. Hougan*, 150 P.3d 622, 626 (Wash. App. 2007). "A chattel is '[a]n article of personal property, as distinguished from real property[,] [a] thing personal and moveable." *In re Marriage of Langham*, 106 P.3d 212, 218 (Wash. 2005) (citing BLACK'S LAW DICTIONARY 251 (8th Ed. 2004)). While Plaintiffs initially assert their

ORDER - 4

property interest in their personal information—names, dates of birth, signatures, credit information, banking information, tax information, and financial information—it appears that their cause of action is focused on a piece of real property they claim has been wrongfully foreclosed on. Because it is axiomatic that real property is not chattel and, therefore, cannot be converted, there is no legal basis for Plaintiffs' claim.

## IV. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Defendants motions to dismiss. Dkts. # 6, 11, 14. Plaintiffs have failed to oppose the motions and to state a valid claim for conversion. Plaintiffs' Complaint is therefore **DISMISSED with prejudice.** The Clerk is directed to close this case.

Dated this 22nd day of May, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 5